UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| LOUIS J. PEARLMAN, *et al.*, ) | Case No. 6:07-bk-00761-KSJ |
| ) | Chapter 11 |
| Debtor. ) | Jointly Administered |
| ) | |
| | |
| SONEET R. KAPILA, as CHAPTER 11 ) | |
| TRUSTEE for TRANS CONTINENTAL ) | |
| AIRLINES, INC., TRANS ) | Adv. P. No. 6:09-ap-00053-KSJ |
| CONTINENTAL RECORDS, INC., and ) | |
| LOUIS J. PEARLMAN ENTERPRISES, ) | |
| INC., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| CAROLINA FIRST BANK d/b/a ) | |
| MERCANTILE BANK, as successor by ) | |
| merger to CITRUS BANK ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM OPINION GRANTING MERCANTILE BANK'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE PUNITIVE DAMAGES CLAIM

Defendant, Carolina First Bank d/b/a Mercantile Bank, asks this Court to enter judgment against the plaintiff, Chapter 11 trustee Soneet Kapila, with regard to the trustee's request for punitive damages.[1] A court may dismiss a claim on a motion for judgment on the pleadings "when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[2] Because the Bankruptcy Code[3] does not provide for the recovery of punitive damages in

---

[1] Doc. No. 60.  On October 22, 2010, the trustee filed his Response in Opposition to Motion for Judgment on the Pleadings (Doc. No. 131).  On October 29, 2010, at a hearing before the Court, the parties presented oral argument on Mercantile's motion.
[2] *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).
[3] All references to the Bankruptcy Code are to Chapter 11 of the United States Code.

fraudulent transfer avoidance actions, the trustee cannot recover punitive damages as a matter of law.  Accordingly, the Court will grant Mercantile's motion.

The trustee's complaint seeks to avoid allegedly fraudulent transfers from the debtors to Mercantile under Bankruptcy Code §§ 544(b), 548, 550, and comparable sections of the Florida Uniform Fraudulent Transfer Act ("FUFTA").[4]  The complaint alleges, in short, that debtor Louis J. Pearlman and his co-debtor companies[5] defrauded other creditors when they transferred monies to Mercantile in repayment of Pearlman's outstanding loans.  The trustee also seeks punitive damages for Mercantile's alleged "willful disregard" of Pearlman's and his companies' deepening insolvency, which allegedly caused significant damages to the debtors and their creditors.

Mercantile now seeks judgment on the pleadings under Fed. R. Civ. P. 12(c) as to the trustee's punitive damages claim.  It argues the Bankruptcy Code provides specific remedies for fraudulent transfer actions, brought under either the Bankruptcy Code or Florida state law via § 544(b) of the Code, which precludes any award of punitive damages for such actions.

"Judgment on the pleadings is appropriate when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts."[6]  A court may not dismiss a claim on a motion for judgment on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[7]

The Bankruptcy Code does not provide for punitive damages as a remedy for fraudulent transfer actions.  Section 550(a) of the Code states: "to the extent a transfer is avoided under

---

[4] Fla. Stat. §§ 726.105, 726.106 and 726.108.
[5] Trans Continental Airlines, Trans Continental Records, and Louis J. Pearlman Enterprises.
[6] *Bankers Ins. Co. v. Fla. Residential Property & Cas. Joint Underwriting Assoc.*, 137 F.3d 1293, 1295 (11th Cir. 1998); *see also* Fed. R Civ. P. 12(c).
[7] *Hawthorne*, 140 F.3d at 1370.

section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover…the property transferred, or…the value of such property….." This section thus provides the available remedies for fraudulent transfer avoidance actions by the trustee, whether brought under Bankruptcy Code § 548 or under state law via § 544(b).[8]  Punitive damages are noticeably left out of the remedies listed in § 550.

For this reason, bankruptcy courts consistently have held punitive damages are not available in fraudulent transfer actions, regardless of whether the trustee's avoidance action is brought under state law fraudulent transfer statutes via § 544(b) or under § 548 of the Code.[9] They reason that even if the fraudulent transfer avoidance laws of a particular state provide the possibility of punitive damages, § 550 expresses Congress' clear intention to limit the trustee's remedies in bankruptcy proceedings to *only* the property transferred or its value.  As the Bankruptcy Court for the Northern District of Texas held: "[t]he court cannot invoke state law remedies to circumvent or undermine the specific remedy legislated by Congress for the avoidance of a fraudulent transfer."[10]

Although no court in the Eleventh Circuit has yet ruled on this issue, in line with the bankruptcy courts from other jurisdictions, this Court now holds that § 550 prevents a trustee in bankruptcy from seeking punitive damages in fraudulent transfer cases, regardless of whether the trustee is relying on the FUFTA statutes or on § 548 of the Bankruptcy Code.  The language of

---

[8] Bankruptcy Code § 544(b) allows the trustee to avoid transfers that are voidable under applicable state law.

[9] *Hyundai Translead, Inc. v. Jackson Truck & Trailer Repair Inc.*, 419 B.R. 749, 760-61 (M.D. Tenn. 2009); *Tronox Inc. v. Anadarko Petroleum Corp. (In re Tronox Inc.)*, 429 B.R. 73, 111 (Bankr. S.D.N.Y. 2010); *Lexington Oil and Gas LTD. v. Dow (In re Lexington Oil and Gas LTD.)*, 423 B.R. 353, 376 (Bankr. E.D. Okl. 2010); *Sherman v. FSC Realty LLC (In re Brentwood Lexford Partners, LLC)*, 292 B.R. 255, 275 (Bankr. N.D. Tex. 2003).  Although the trustee has cited many state and federal court decisions holding that punitive damages are available under a state's Uniform Fraudulent Transfer Act (Plaintiff's Response, Doc. No. 131, ps. 6-7), the trustee has not cited to *any* bankruptcy court decisions holding that punitive damages are available for fraudulent transfer avoidance actions in bankruptcy proceedings.

[10] *Sherman*, 292 B.R. at 275; *see also Hyundai Translead*, 419 B.R. at 760 (quoting *Sherman* and holding punitive damages are unavailable for trustee's fraudulent transfer actions brought under state law in derivative capacity via § 544(b)).

§ 550 is clear that when the trustee's avoidance action under any of the sections specified is successful—including under § 544—he may recover either the property transferred or the value of such property, and nothing else. The Court's ruling has no bearing on whether the "catch-all" provision of Fla. Stat. 726.108(3) allows for punitive damages in Florida state court proceedings. That issue is for Florida state courts to decide, but in any event is irrelevant here where § 550 of the Bankruptcy Code expressly limits a bankruptcy trustee's remedies in fraudulent transfer avoidance actions brought under state law via § 544(b).

Because punitive damages are unavailable in fraudulent transfer actions brought in bankruptcy court, the trustee is not entitled to recovery of any punitive damages against Mercantile, or any similarly situated defendant. Accordingly, the Court will grant Mercantile's motion for judgment on the pleadings. An order consistent with this memorandum opinion will be entered simultaneously.

DONE AND ORDERED in Orlando, Florida, on December 2, 2010.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Plaintiff: Soneet R. Kapila, as Chapter 11 Trustee, PO Box 14213, Ft. Lauderdale, FL 33302

Attorney for Plaintiff: Gregory M. Garno, 100 Southeast 2nd Street, #4400, Miami, FL 33131

Attorney for Defendant: Eric S. Golden, Burr & Forman, LLP, 450 S. Orange Avenue, #200, Orlando, FL 32801