UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re | ) |
| | ) |
| LOUIS J. PEARLMAN, *et al.*, | ) Case No. 6:07-bk-00761-KSJ |
| | ) Chapter 11 |
| Debtor. | ) Jointly Administered |
| | ) |
| SONEET R. KAPILA, as Chapter 11 Trustee for TRANS CONTINENTAL AIRLIENS, INC., TRANS CONTINENTAL RECORDS, INC., and LOUIS J. PEARLMAN ENTERPRISES, INC., | ) Adversary No. 6:09-ap-53 |
| Plaintiff, | ) |
| vs. | ) |
| TD BANK N.A., successor by merger to CAROLINA FIRST BANK d/b/a MERCHANTILE BANK, as successor by merger to CITRUS BANK, | ) |
| Defendant. | ) |

MEMORANDUM OPINION
PARTIALLY GRANTING AND PARTIALLY DENYING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

In this adversary proceeding, plaintiff, the Chapter 11 Trustee, Soneet R. Kapila, seeks to avoid millions of dollars of transfers the defendant bank received from the debtors.[1] The Court previously has issued numerous orders on the disputes between the parties and now must resolve a remaining single motion, the Plaintiff's Motion for Partial Summary Judgment as to

---

[1] Doc. No. 1.

1

Defendant's Affirmative Defenses,[2] before sending the proceeding to the District Court for jury trial. Defendant initially asserted 38 affirmative defenses.[3] The parties agree that, as to affirmative defenses 4-7, 9, 12-19, 21, 29, 31, and 35, either the defendant has withdrawn[4] certain of these defenses or the Court has resolved[5] other affirmative defenses, subject to the parties' right to appeal these decisions at the appropriate time. The parties also agree that defendant continues to assert all other pled affirmative defenses.[6] Plaintiff now seeks partial summary judgment as to only two of these remaining affirmative defenses—the 11th Affirmative Defense claiming the trustee's claims are barred by applicable statutes of limitation, and the 20th Affirmative Defense challenging the plaintiff's standing in light of the earmarking doctrine.

Addressing the 11th Affirmative Defense first, in a prior opinion,[7] the Court previously denied the *defendant's* prior motion for summary judgment on this affirmative defense, stating:

> Because none of the transfers at issue occurred more than four years prior to the petition date on March 1, 2007, the Court finds the alleged transfers are the proper subject of the trustee's avoidance actions under § 544 of the Bankruptcy Code and FUFTA (Counts I, II and IV). Moreover, the trustee's complaint was filed timely on February 27, 2009, within two years of March 1, 2007, as prescribed by § 546(a). The Court accordingly denies summary judgment in favor of Mercantile on a statute of limitations ground.

The plaintiff now seeks confirmation that this ruling is dispositive of any statute of limitation argument or defense as to any count in his complaint. The Court finds that this language indeed does sufficiently dispose of the statute of limitations argument as to *all* counts, for both the Florida avoidance actions under FUFTA and the avoidance actions under § 544 of the

---

[2] Doc. No. 149.
[3] Doc. No. 37.
[4] On December 23, 2010, defendant filed its Notice of Withdrawal of Certain Affirmative Defenses (Doc. No. 174).
[5] Doc. Nos. 157–160; 222–223.
[6] Doc. Nos. 235 and 236.
[7] Doc. No. 222, page 11.

Bankruptcy Code.[8]  The reference to only Counts I, II, and IV simply made clear that FUFTA applied only to these counts. The plaintiff is entitled to summary judgment in his favor finding that the defendant bank may not assert a statute of limitations defense as alleged in the 11th Affirmative Defense.

As to the other challenged defense asserting the plaintiff's lack of standing, the Court finds that sufficient material factual disputes preclude summary judgment as a matter of law. Defendant argues that, because funds paid to it in satisfaction of its loan obligation came from American Bank of St. Paul and not a debtor entity, the Trustee lacks standing to recover those funds.[9] To avoid a transfer, a bankruptcy trustee must demonstrate the transferred property was "of an interest of the debtor in property."[10] Whether one labels this an earmarking inquiry or not, in order to avoid a transfer, a debtor must have exercised "sufficient control over the funds to warrant a finding that the funds were the debtor's property."[11] Defendant argues the debtors had no interest in the monies it received, and, therefore, plaintiff cannot recover the monies paid; the plaintiff disagrees.

The Court previously found that a factual dispute exists as to the degree of control Pearlman and these jointly-administered debtors had over the American Bank transfer.[12] This finding prevents summary judgment as a matter of law as to whether plaintiff has standing to

---

[8] All references to the Bankruptcy Code are to 11 U.S.C. § 101 et seq.
[9] Doc. No. 173.
[10] Bankruptcy Code §§ 544(b)(1) and 548(a)(1) ("The trustee may avoid any transfer . . . of an interest of the debtor in property….").
[11] *In re Chase & Sanborn Corp*, 813 F.2d at 1180 (11th Cir. 1987). Courts apply the earmarking doctrine in preference actions brought pursuant to Bankruptcy Code § 547 to determine whether a transfer is "of an interest in property" of a debtor's estate. The Eleventh Circuit has never expressly applied the earmarking doctrine but has described it as follows:
> Under the earmarking doctrine, which is a court fashioned doctrine, a third party makes a loan to a debtor so that the debtor is able to satisfy the claim of a designated creditor. In that case, the proceeds do not become part of the debtor's assets, and no preference is created. This exception exists "primarily because the assets from the third party were never in the control of the debtor and therefore payment of these assets to a creditor in no way diminishes the debtor's estate.

*Bank of America, N.A. v. Mukamai (In re Egidi)*, 571 F.3d 1156, 1162 (11th Cir. 2009) (quoting *Coral Petroleum, Inc. v. Banque Paribas-London*, 797 F.2d 1351, 1356 (5th Cir.1986)). Mercantile urges the Court to apply this logic in this fraudulent transfer proceeding.
[12] Doc. No. 222, page 8.

pursue the possibly earmarked proceeds received by the defendant. Plaintiff is not entitled to partial summary judgment as to the 20th Affirmative Defense. Defendant bank may continue to assert this affirmative defense.

Accordingly, the Court will grant partial summary judgment in plaintiff's favor as to the 11th Affirmative Defense but deny it as to the 20th Affirmative Defense. The Court also simultaneously will enter a separate order consistent with this Memorandum Opinion.

DONE AND ORDERED in Orlando, Florida, on November 30, 2011.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Gregory M. Garno, Special Counsel for Trustee, 4400 Miami Tower, 100 Southeast Second Street, Miami, FL  33131

Joe A. Joseph, Esq., 420 N. 20th Street, Suite 3400, Birmingham, AL  35203

Howard S. Marks, Esq., Elizabeth J. Anderson, Esq., 369 N. New York Avenue, First National Bank Building, Suite 300, Winter Park, FL  32789

Eric Golden, Esq., 450 S. Orange Ave., Suite 200, Orlando, FL  32801